IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| WESLEY HATTEN-LOVETT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00624-P-BP |
| FEDERAL BUREAU OF INVESTIGATION, | § § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Federal Bureau of Investigation's unanswered Motion to Dismiss, filed on May 5, 2021. ECF No. 3. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** the Motion to Dismiss (ECF No. 3) and **DISMISS** this action **WITHOUT PREJUDICE**.

**I.   BACKGROUND**

Plaintiff Wesley Hatten-Lovett ("Hatten-Lovett") brought this *pro se* action against Defendant Federal Bureau of Investigation ("FBI") on March 9, 2021 in the 48th District Court of Tarrant County, Texas, alleging negligence connected to an FBI anti-child-exploitation task force. ECF No. 1-5. On May 5, 2021, the FBI removed the case to this Court, and Judge Pittman referred it to the undersigned (ECF Nos. 1, 5). When Hatten-Lovett failed to address the FBI's Motion to Dismiss, the Court ordered him to respond by May 26, 2021. ECF No. 7. When he failed to comply, the Court issued another Order, dated June 9, 2021, ordering him to respond by June 16, 2021 or

risk a recommendation that Judge Pittman dismiss his case under Federal Rule of Civil Procedure 41. As of the date of these findings, conclusions, and recommendation, Hatten-Lovett has not responded to the FBI's Motion to Dismiss (ECF No. 3) and has not explained the delay.

## II.   LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As a default, district courts "must presume that a suit lies outside this limited jurisdiction . . . ." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Thus, a federal court has an independent duty at all levels of a proceeding to determine whether it has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331–1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Under Federal Rule of Civil Procedure 12(b)(1), a federal court must dismiss a case if it "lacks the statutory or constitutional power to adjudicate the case." *Home Builder Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). When

confronted with a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). Dismissals for lack of subject matter jurisdiction do not concern a case's merits and are therefore without prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984).

### III.   ANALYSIS

When a defendant removes a case from state to federal court, "the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2004). Thus, when the FBI removed this case from the 48th District Court of Tarrant County, this Court's jurisdiction was coequal with the jurisdiction the state court lawfully possessed. Here, the reasons warranting the case's dismissal are straightforward. Because Hatten-Lovett asserts a tort claim against an agency of the federal government, the Court can liberally construe the *pro se* Complaint as raising a claim under the Federal Tort Claims Act ("FTCA"). This is because the FTCA is the "exclusive remedy for tort claims arising from the actions of government agencies or employees." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). But the state court never possessed jurisdiction over Hatten-Lovett's claim because he sued the FBI directly, and "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (citing *Gregory v. Mitchell*, 634 F.2d 199, 204–05 (5th Cir. 1981)). For these reasons and noting that the FBI's Motion to Dismiss is unanswered, Judge Pittman should dismiss Hatten-Lovett's claim without prejudice. *See Verret*, 734 F.2d at 238.

### IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** the FBI's Motion to Dismiss (ECF No. 3) and **DISMISS** this action **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 10, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE